# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**C. D.,**
**Plaintiff Below, Petitioner**

**FILED**

**October 20, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1035** (Grant County 15-C-25)

**Grant County Board of Education,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner C.D.[1], by counsel Jared T. Moore, appeals the order of the Circuit Court of Grant County that granted summary judgment in favor of the Grant County Board of Education ("the Board"). The Board, by counsel Ancil G. Ramey, filed a response to which petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At all times relevant herein, petitioner was a senior at Petersburg High School. She suffers from diabetes, and her illness requires her to wear an insulin pump in order to check her blood sugar levels frequently. Because of her condition, the Board agreed to excuse any absences related to her illness, pursuant to a 504 plan.[2] According to petitioner's 504 plan, petitioner would not be penalized for absences required for medical appointments/illness. During the 2014-2015 school year, petitioner's 504 team met to discuss her condition at the beginning of the school year, but did not meet again.

In the fall semester of 2014, petitioner missed several days of school. In December of

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Section 504 of the Rehabilitation Act of 1973 is codified in 29 U.S.C. 794, and states, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

1

2014, Assistant Principal Paula Weese, called petitioner's father to tell him that petitioner had accumulated more than five absences. A notice was also sent to petitioner, who was not living with her parents, but with a boyfriend, that informed her of the accumulation of five unexcused absences, and that a truancy complaint would be filed if she continued to be absent without an excuse. Petitioner also met with Ms. Weese regarding her absences[3] in December of 2014.

According to petitioner, during that meeting she provided written excuses for all of her absences, and was informed that the Board knew about her condition, and that she did not have to worry about a truancy complaint. Petitioner also asserts that Ms. Weese told her during the meeting that "due to Ms. D. being on a 504 plan, the [Board] would contact Ms. D. or her father before truancy was considered." The Board denies that petitioner provided an excuse for all of her absences, and asserts that the excuses were not provided until January of 2015. The Board also asserts that some of the excuses were due to a "job interview," "transportation problems," and "back pain."

In the spring semester of 2015, petitioner accumulated fourteen additional unexcused absences. A truancy complaint was filed on April 9, 2015. The Board did not send petitioner an additional notice, or make additional attempts to contact petitioner or her father prior to filing the complaint. Petitioner was arraigned on the truancy complaint on April 15, 2015. On May 12, 2015, petitioner's father sent a letter to the Board identifying the dates that petitioner was absent due to her diabetes. Subsequently, the truancy complaint was dismissed.

Petitioner filed suit against the Board on July 17, 2015, asserting claims for failure to accommodate pursuant to the West Virginia Human Rights Act; malicious prosecution; and reckless infliction of emotional distress. The Board filed an answer and a motion for summary judgment. Petitioner also filed a motion for summary judgment. At a hearing held September 19, 2016, the circuit court granted the Board's motion for summary judgment as to all three claims in the complaint, stating as follows:

> The problem that this whole thing led to was the process was explained, and your clients didn't follow it. The only thing that's undisputed and unrebutted is she didn't bring in the notes when she needed to, as she was told and instructed to do.
>
> There was probable cause to file this.  I've been a prosecutor for twenty years. I've dealt with truancy out the ying-yang [sic]. There was probable cause to file this. There was no malice. There may have been negligence by not sending the letter; but the intentional infliction or intentional malice, I don't believe that.
>
> I wanted to dismiss this months ago, but we let it play itself out. But this case, the only thing that was outrageous to me is we've been here dealing with this.

The circuit court entered its order granting summary judgment to the Board on October 6, 2016. In its order, the circuit court found that the Board complied with the West Virginia Legislative rules concerning attendance and the West Virginia Code. Regarding petitioner's

---

[3] Petitioner asserts that her father was present for the meeting.

2

malicious prosecution claim, the circuit court found that petitioner presented no evidence to prove the essential elements of malice or lack of probable cause. Regarding petitioner's accommodation claim, the circuit court found that petitioner was not exempt from the policies of the school handbook, which required her to submit a written note for each absence, and that the failure to provide the notes, and her absences led to the filing of the truancy complaint. The circuit court likewise found that petitioner could not prevail on the reckless infliction of emotional distress claim, finding that the "initiation of a truancy proceeding was not extreme and outrageous conduct." Petitioner now appeals the October 6, 2016, order, and asks this Court to reverse the circuit court's decision.

On appeal petitioner argues that the circuit court erred in failing to recuse himself due to bias, and in granting summary judgment on petitioner's failure to accommodate, malicious prosecution, and reckless infliction of emotional distress claims.

This Court reviews a circuit court's entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 1, *Carr v. Michael Motors, Inc.*, 210 W. Va. 240, 557 S.E.2d 294 (2001). We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter*. Mindful of these principles, we address the issues raised by petitioner appeal.

Petitioner first complains that the circuit court judge should have recused himself because of bias. Petitioner asserts that the circuit court's statements regarding his tenure as a prosecutor, that he "never bought" petitioner's claim for reckless infliction of emotional distress, and that he wanted to dismiss petitioner's case "months ago," are direct evidence that the circuit court improperly relied upon personal experience to form an opinion in this case. In response, the Board notes that petitioner did not file a Motion for Disqualification, nor did he raise the issue of bias prior to the instant appeal. As a result, the Board argues, petitioner waived the right to raise this argument. In her reply, petitioner asserts that she noticed the argument in her Notice of Appeal to this Court, and argues that even if she failed to make the appropriate motion below, that the circuit court committed plain error in failing to recuse itself.

We disagree with petitioner and find that petitioner failed to preserve this issue for appeal. We have repeatedly held that "[e]rrors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court, had objection been raised there." Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011). Petitioner fails to provide a citation to the record where, either in writing or in oral presentation, she raised the issue of disqualification with the circuit court. Therefore, she has waived her right to raise this argument for the first time on appeal.

Further, we hold that the circuit court's failure to disqualify itself from this matter does not constitute plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness,

integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). The comments of the circuit court merely illustrate the circuit court's opinion of the merits of petitioner's case, and, while the circuit court commented that it desired to dismiss the matter "months ago," there is no evidence that it did not carefully consider the evidence and motions before him in making this decision, or that it was so biased that the decision of the court "affects substantial rights, and the fairness, integrity and public reputation of the proceeding." Petitioner fails to establish that bias existed such that it affected her substantial rights. To the contrary, despite the circuit court's opinion that the matter was likely frivolous, the circuit court permitted discovery, allowed the parties to present summary judgment motions, afforded the parties a hearing on their motions, and, only after a hearing on the merits of those motions, dismissed petitioner's complaint. Accordingly, we find no merit to petitioner's assignment of error.

Petitioner next complains that the circuit court erred in granting the Board's motions for summary judgment and dismissing her claims of failure to accommodate, reckless infliction of emotional distress, and malicious prosecution. Petitioner argues, as a basis for all three claims, that pursuant to her 504 plan, the Board was to meet quarterly to review her absences and determine if the absences were to be excused. Petitioner asserts that the Board's failure to conduct quarterly meetings resulted in the filing of the truancy complaint.

Regarding reasonable accommodation, we have held, that

"[t]o state a claim for breach of the duty of reasonable accommodation under the West Virginia Human Rights Act, W. Va. Code, 5–11–9 (1992), a plaintiff must alleged the following elements: (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the plaintiff's disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation." Syl. Pt. 2, *Skaggs v. Elk Run Coal Co., Inc.,* 198 W.Va. 51, 479 S.E.2d 561 (1996).

Syl. Pt. 4, *Baisden v. W. Va. Secondary Sch. Activities Comm'n*, 211 W. Va. 725, 568 S.E.2d 32 (2002).

Here, although the Board concedes it did not meet quarterly to review her absences, petitioner fails to demonstrate how the Board failed to provide an accommodation for her illness. The undisputed testimony in the record is that petitioner was permitted to have any absences due to her illness excused, as long as she submitted a note indicating that she was ill. The Board did not require that the note come from petitioner's physician; rather, a handwritten note from petitioner or her father was sufficient to satisfy the Board. In fact, petitioner was exempt from the Board's attendance policy if her absences were due to her illness. This is a reasonable accommodation that was afforded to petitioner solely due to her medical condition.

Notably, in January of 2015, the Board reasonably accommodated petitioner, excusing several absences from the fall semester upon receiving written notes regarding the absences. The petitioner's failure to submit the required documentation in the spring semester were not a failure

4

of the Board. To the contrary, petitioner failed to take advantage of the reasonable accommodation when she did not provide the required documentation to the school. As a result, we find that no genuine issue of material fact exists as to whether the Board provided a reasonable accommodation to petitioner, and decline to reverse the circuit court decision on that ground.

Similarly, we find that petitioner cannot establish claims of intentional or reckless infliction of emotional distress and malicious prosecution. In order to prove intentional or reckless infliction of emotional distress,

> [i]t must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, in part, *Travis v. Alcon Labs., Inc.*, 202 W. Va. 369, 504 S.E.2d 419 (1998). Further,

> [i]n evaluating a defendant's conduct in an intentional or reckless infliction of emotional distress claim, the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.

Syl. Pt. 4, *id.* Having found that the Board reasonably accommodated petitioner, we cannot find that the Board's conduct was "so extreme and outrageous" that it constituted reckless infliction of emotional distress. In fact, the Board, reasonably, allowed petitioner to submit hand-written notes to justify her absences. Petitioner failed to do so.

Regarding malicious prosecution, petitioner must show, "(1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff." Syl. Pt. 1, in part, *Norfolk S. Ry. Co. v. Higginbotham*, 228 W. Va. 522, 721 S.E.2d 541 (2011) (citations omitted). The circuit court found, and we agree, that petitioner presented no evidence to prove that the filing of the truancy complaint was malicious. Further, probable cause existed for the filing of the petition, as petitioner had accrued fourteen additional unexcused absences at the time the complaint was filed. Accordingly, we decline to reverse the circuit court's decision to grant summary judgment on these claims.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

5

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker